**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**James Craig SNEDDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 2, 1999.
Filed Sept. 20, 1999.

Daniel J. Sodus, Asst. Public Defender, York, for appellant.

Amy W. Ehrhart, Asst. Dist. Atty., York, for Com., appellee.

Before STEVENS, SCHILLER and BECK, JJ.

STEVENS, J.:

¶ 1 James Craig Sneddon appeals from the judgment of sentence of the Court of Common Pleas of York County. We affirm.

¶ 2 The record before us reveals that Sneddon was convicted by a jury of four counts of forgery, three counts of theft by deception, three counts of receiving stolen property, and one count of criminal attempt to commit theft by deception. Each count of forgery was graded as a felony of the third degree. The convictions stemmed from incidents during which Sneddon used altered Phar Mor cash reg-

ister receipts to obtain cash refunds in excess of the value of the merchandise originally purchased.

¶ 3 After he was sentenced, Sneddon filed post-sentence motions for judgment of acquittal and reconsideration of sentence, which the trial court denied. Sneddon then filed an appeal to this Court on May 8, 1998. A Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P.1925(b) was filed on June 12, 1998, and amended on June 19, 1998. Sneddon's appeal was dismissed for failure to file a brief, however, by a *per curiam* order of this Court dated September 23, 1998. Sneddon subsequently requested leave to appeal *nunc pro tunc*. The trial court issued an order granting Sneddon's request, with the notation "if the Superior Court permits," and Sneddon filed the instant appeal on October 19, 1998.

¶ 4 On appeal, Sneddon raises the following issues:

1. Whether the trial court erred in denying defendant's Motions for Judgment of Acquittal and for Reconsideration of Sentence in that the Commonwealth failed to establish the elements necessary to convict defendant of a forgery, felony of the third degree, rather than a forgery, misdemeanor of the first degree;

2. Whether the trial court erred in sentencing defendant within standard range appropriate for a forgery, felony of the third degree, per the Sentencing Guidelines adopted by the Pennsylvania Commission of Sentencing effective August 12, 1994.

Appellant's brief at 3.

■ ¶ 5 Sneddon's initial argument alleges that the evidence presented was insufficient to support a conviction for third degree felony forgery. "The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (1996) (citing *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994)).

In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (1995) (citations omitted).

■ ¶ 6 Here, Sneddon was convicted of violating 18 Pa.C.S.A. § 4101, which states as follows:

**§ 4101. Forgery**

**(a) Offense defined.**—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

**(b) Definition.**—As used in this section the word "writing" includes printing or any other method of recording informa-

tion, money, coins, tokens, stamps, seals, credit cards, badges, trademarks, other symbols of value, right, privilege, or identification.

(c) **Grading.**—Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interest in or claims against any property or enterprise. Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations. Otherwise, forgery is a misdemeanor of the first degree.

18 Pa.C.S.A. § 4101. Sneddon does not dispute that his actions constituted forgery, but instead argues that his alteration of the cash register receipts should have been graded as a misdemeanor of the first degree, not a felony of the third degree, because a cash register receipt is not a "document evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations." Appellant's brief at 5. We disagree.

¶ 7 Both the Commonwealth and Sneddon acknowledge that there is virtually no case law on this issue. We are guided, however, by the insightful opinion of the trial court, which concluded as follows:

Although we have found no Pennsylvania cases dealing specifically with this issue, the Court is of the opinion that a cash register receipt is a "document evidencing ... or otherwise affecting legal relations" under § 4101(c) above. Like a written contract ·or a deed, a cash register receipt is a writing which evidences a legal transaction. Specifically, a cash register receipt evidences a contract for the sale of goods between a buyer and a seller. The amount of the cash register receipt sets forth the consideration given for the goods. The receipt has value, since a buyer, upon returning a receipt to the seller, may receive a refund of monies, a store credit, or goods in kind. To alter a cash register receipt is to alter the legal relationship between a buyer and seller.

Trial court opinion filed 5/1/98 at 3.

¶ 8 We are unpersuaded by Sneddon's argument that the Legislature did not intend to include the forgery of cash register receipts as felonies of the third degree because it did not specifically list cash register receipts anywhere within Section 4101. Although Section 4101(c) lists several specific documents to which it applies, that list is clearly not meant to be all-inclusive, as it ends with reference to "other document[s] evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations." 18 Pa.C.S.A. § 4101(c).

¶ 9 Because we find that the cash register receipts altered by Sneddon constitute documents evidencing or otherwise affecting the legal relations between Sneddon and Phar Mor, we find that the evidence submitted at trial by the Commonwealth was sufficient to support Sneddon's convictions for third degree felony forgery.

■■ ¶ 10 Turning to Sneddon's second issue on appeal, regarding sentencing, we note that he has failed to include any argument whatsoever to support his sentencing claim, and has, therefore, waived the issue.[1] "We decline to become appellant's counsel. When issues are not prop-

---

1. Pursuant to the Pennsylvania Rules of Appellate procedure, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Further, "[b]riefs ... shall conform in all materi-

al respects with the requirements of these rules ..., otherwise they may be suppressed, and, if the defects are in the brief ... of the appellant and are substantial, the appeal ... may be quashed or dismissed." Pa.R.A.P. 2101.

erly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Drew*, 353 Pa.Super. 632, 510 A.2d 1244, 1245 (1986).

¶ 11 Judgment of sentence affirmed.