J-A06011-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| S. S., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| M. S., | |
| Appellant | No. 583 WDA 2017 |

Appeal from the Order Entered March 17, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): FD 11-3503-009

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: FILED MAY 1, 2018

M.S. (Father) appeals pro se from the order entered on March 17, 2017, that dismissed the exceptions he filed in response to the hearing officer's recommendations relating to his payment of child support that was issued on December 12, 2016. The March 17, 2017 order also entered the hearing officer's recommendation as a final order. For the reasons that follow, we dismiss Father's appeal.

Father and S.S. (Mother) are the parents of two children, ages 15 and 14. A previous support order, dated January 8, 2014, required Father to pay $172 per month based upon his receipt of social security disability benefits and a designated earning capacity of $7.25 an hour for 24 hours a week. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

facts and procedure relating to the present appeal as stated by the trial court
are as follows:

> On February 3, 2016, a Complaint for Support was filed by
> [Mother].  On March 4, 2016, a hearing was held before Hearing
> Officer (H.O.) Greenblatt.  [Father] did not appear at the hearing,
> though he had been served.  The H.O. entered a recommendation
> dismissing the Complaint and closing the case, due to the fact that
> [Father] was deemed disabled and receives Social Security
> disability in an amount which place[s] him in the Self Support
> Reserve range.  On March 4, 2016, the H.O. Recommendation was
> incorporated into an Order dismissing the Complaint and closing
> the case.
>
> On March 24, 2016, [Mother] filed timely Exceptions from
> the Recommendations of H.O. Greenblatt.  In the Exceptions
> [Mother] asserted [the] H.O. erred in dismissing [her] Petition to
> Reinstate Support.  [Mother] asserted that [Father] had other
> income above his reported Social Security Disability, and that
> without [Father's] attendance at the hearing and his failure to
> submit documents as required by a Court Order, [Mother] was
> unable to fully pursue her claim.
>
> On September 8, 2016, upon consideration of [Mother's]
> exceptions to the recommendation of the H.O.[,] dated March 4,
> 2016 and oral arguments thereon, the court remanded the issue
> for a de novo hearing before H.O. Greenblatt.  On October 11,
> 2016[,] the court continued the hearing upon consideration of
> [Mother's] Emergency Motion to Continue.
>
> On December 12, 2016, a hearing was held before H.O.
> Greenblatt to determine [Father's] ability to pay child support.
> [The] H.O. issued his Recommendation which directed [Father] to
> begin monthly payments.  In the Recommendation the H.O.
> determined [Mother's] monthly net income should be set at $0.00
> based on her inability to work due to mental health issues.  The
> H.O. determined that [Father's] monthly net income is at least
> $1,706.00 based on earning capacity and monthly Social Security
> [Disability] benefits in the amount of $1,041.00.  The H.O. earning
> capacity Recommendation was based on [Father's] previous
> ability to maintain part-time work at least at an hourly minimum
> wage.  The H.O. took into account [Father's] ability to send about

$950.00 a year to women over the internet as an indication that he has the ability to pay some support for the parties' children, which was mentioned in the explanation section of the December 12, 2016 H.O. Recommendation. Since the H.O. determined [Father's] net income is at least $1,706.00, an Order (effective January 26, 2016) was entered under Pennsylvania Automated Child Support Enforcement System ("PACSES") requiring [Father] to pay $124.36 per month.

On January 4, 2017 [Father] filed Exceptions to the December 12, 2016 Recommendation. In the Exceptions, [Father] asserted that the H.O. erred in the assignment of a monthly earning capacity of $665.00 to [Father], in addition to [Father's] monthly Social Security Retirement benefits of $1,041.00. [Father] also asserts that the H.O. erred by placing the earning capacity of [Mother] at $0.00.

On February 4, 2017, the court heard Oral Arguments on [Father's] Exceptions.

On March 17, 2017, following a review of Briefs and Oral Arguments, this court entered an Order Dismissing the Exceptions, and making the Recommendation as a Final Order.

On April 17, 2017, [Father] appealed the Final Order to the Superior Court. At issue, is whether the court abused its discretion or relied on insufficient evidence in dismissing [Father's] Exceptions and entering the Hearing Officer's Recommendation as a Final Order.

Trial Court Opinion, 6/16/17, at 1-3.

We begin by quoting Pa.R.A.P. 2101 ("Conformance with Requirements"):

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

- 3 -

This Court in In re Ullman, 995 A.2d 1207 (Pa. Super. 2010), explains that pursuant to Rule 2101, we

> may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. [] Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

Id. at 1211-12. See also Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of an appellate brief).

Moreover, we point out that Pa.R.A.P. 2111 ("Brief of Appellant") contains a list of eleven separate sections that are to be included in an appellant's brief. Appellant here has failed to include most of these enumerated items. Most notably, Appellant does not identify the issues he wishes us to review. See Pa.R.A.P. 2116 ("Statement of Questions Involved").[1] In short, we decline to become Appellant's counsel. See Commonwealth v. Sneddon, 738 A.2d 1026, 1028 (Pa. Super. 1999). "When issues are not properly raised and developed in briefs, when the briefs

_____

[1] Rule 2116 provides, in pertinent part:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. … No question will be considered unless it is stated in the statement of question involved or is fairly suggested thereby.

Pa.R.A.P. 2116(a).

are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." Commonwealth v. Sanford, 445 A.2d 149, 150 (Pa. Super. 1982); see also Commonwealth v. Fetter, 770 A.2d 762 (Pa. Super. 2001) (same).

We have concluded that the defects in Appellant's brief are so substantial that they totally impair our ability to conduct a meaningful review. Accordingly, the appeal must be dismissed.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2018