J-S48012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE JOHNSON III | : | |
| | : | |
| Appellant | : | No. 3329 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 3, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0009387-2017.

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 17, 2021**

Tyrone Johnson III appeals from the judgment of sentence imposed following his convictions for aggravated assault against an officer[1] and other related offenses. Upon review, we affirm.

The trial court set forth the pertinent facts as follows:

On September 4, 2017, at approximately 9:30 p.m., Officer Christopher Haines observed a group of 40-50 ATVs near the 5200 block of Parrish Street, in the city and county of Philadelphia.  The ATVs were riding all over the road and going through red lights.  In his marked police car, in full uniform, Officer Haines activated his lights after he saw one of the riders hit a pedestrian walking across the street.  Officer Haines observed [Johnson] in the front of the pack, driving a red ATV.  [Johnson] attempted to go around the officer but hit the edge of the roadway and sidewalk, spun out

_____

[1] 18 Pa.C.S.A. § 2702(a)(3).

and crashed into the back of a white church van parked on 52nd and Parrish. [Johnson] attempted to restart his ATV but could not get it to start. Officer Haines got out of his patrol car and watched [Johnson] go towards the middle of the intersection. Officer Haines then observed [Johnson] reach towards his waistband and pocket area.

In [an] attempt to restrain [Johnson], Officer Haines got in front of [Johnson] but [Johnson] punched him on the left side of his chest. The impact of the punch was so forceful that the iPhone, located in his left chest pocket, broke. Officer Haines fell backwards and got back up. He again moved towards [Johnson]. [Johnson] then took another swing at Officer Haines but the punch did not connect. [Johnson] then kicked Officer Haines in the middle of his chest causing Officer Haines to fall back down. Officer Haines witnessed his partner draw his weapon and order [Johnson] down to the ground. At this point, there were several ATVs circling the officers so Officer Haines called for a drop and assist. Going out of [consciousness], Officer Haines realized that his wrist had been [run] over. He did not see an ATV ride over him but his hands and wrist had blood over them. As Officer [Haines'] partner handcuffed [Johnson], Officer Haines saw an ATV rider breaking the lights of the patrol car and others ATV riders screaming and taunting the officers.

During the trial, [Johnson] had a witness testify to what he saw from across the street, about 25 feet away. The witness, [Calvin Davis,] knows [Johnson's] brother and another individual he saw riding on the ATVs. Davis testified that he saw about 40 or 50 ATV bikes riding in the street. He testified that after [Johnson's] ATV crashed, it appeared like Officer Haines, his partner, and [Johnson] were in a heated argument. He testified that there were other ATVs revving their engines at the officers. Davis stated that he did not see [Johnson] kick or punch any officer.

Trial Court Opinion, 6/12/20, at 1-3 (citations omitted). After a bench trial, the court found Johnson guilty of aggravated assault against an officer, simple assault, resisting arrest, disorderly conduct, and recklessly endangering

another person ("REAP").[2]  The court sentenced Johnson to 3 to 12 months of incarceration for aggravated assault followed by 2 years of probation and no further penalty for the remaining offenses.  Johnson filed a post-sentence motion, which the court denied.

Johnson filed this timely appeal.  Johnson and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Johnson raises the following single issue:

> Whether the trial court erred when it found [Johnson] guilty of Aggravated Assault (18 § 2702 §§ A), Simple Assault (18 § 2701 §§ A), Recklessly Endangering Another Person (18 § 2705), Resisting Arrest (18 § 5104) and Disorderly Conduct (18 § 5503 §§ A4) where the Commonwealth failed to present sufficient evidence at trial to convict [Johnson] beyond a Reasonable Doubt?

Johnson's Brief at 6.

Johnson challenges the sufficiency of the evidence to sustain all of his convictions.  In reviewing a claim based upon the sufficiency of the evidence, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

---

[2] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), 5104, 5503(a)(4), and 2705.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). "[T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016) (citing *Commonwealth v. Brooks,* 7 A.3d 852, 856–57 (Pa. Super. 2010). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

Regarding his aggravated assault conviction, Johnson specifically argues that the evidence was insufficient to establish that he attempted to injure Officer Haines, or that Officer Haines was actually injured as a result of his interaction with Johnson. Johnson's Brief at 13.

The Pennsylvania Crimes Code provides that "[a] person is guilty of aggravated assault if he: . . . attempts to cause or intentionally or knowingly causes bodily injury to any . . . officers, . . . in the performance of duty[.]"[3] 18 Pa.C.S.A. § 2702(a)(3). The Code further defines "bodily injury" as "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. Additionally, this Court has held that "In a prosecution for aggravated assault on an officer[,] the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an attempt to inflict bodily injury, and this intent may be shown

---

[3] "Officers," as enumerated under 18 Pa.C.S.A. § 2702(c), include police officers.

by circumstances which reasonably suggest that [an appellant] intended to cause injury." ***Commonwealth v. Rahman***, 75 A.3d 497, 502 (Pa. Super. 2013) (quotation marks, quotation, and emphasis omitted).

Here, contrary to Johnson's claim, the Commonwealth presented sufficient evidence to demonstrate that Johnson attempted or intended to cause bodily injury to Officer Haines. Officer Haines testified that, after Johnson crashed his ATV into a parked van, he ran towards Johnson, and tried to restrain him. Johnson punched him in the chest, breaking his cell phone. N.T., 3/15/19, at 17-19. As a result of Johnson's punch, Officer Haines fell backwards to the ground. ***Id.*** at 20. When he got up, Johnson tried again to hit Officer Haines in the chest, but missed. ***Id.*** at 21. Johnson then kicked Officer Haines in the chest, and he fell back down again. ***Id.*** Although Officer Haines was not injured by Johnson's assaults, as noted above, the Commonwealth is not required to show that the officer was actually injured. Notwithstanding this, the force Johnson used was great enough to knock Officer Haines to the ground and break his phone. The use of such force and Johnson's continuing attack supports the trial court's conclusion that Johnson was attempting to or intended to injure Officer Haines. We therefore conclude that the evidence was sufficient to support Johnson's conviction for aggravated assault.

Johnson's arguments to the contrary are misplaced. He claims that his witness, Davis, testified that Johnson never made a move toward Officer

Haines. Johnson believes his interaction with Officer Haines was nothing more than a scuffle where he merely pushed Officer Haines. Johnson's Brief at 14.

Essentially, Johnson claims his witness was more credible than Officer Haines. Johnson actually argues a weight of the evidence claim. "An argument regarding the credibility of a witness'[ ] testimony goes to the weight of the evidence, not the sufficiency of the evidence." **Commonwealth v. Melvin**, 103 A.3d 1, 43 (Pa. Super. 2014); **Commonwealth v. Gibbs**, 981 A.2d 274, 281–82 (Pa. Super. 2009), *appeal denied,* 3 A.3d 670 (2010). However, Johnson waived any claim regarding the weight of the evidence because he did not raise it in this appeal.[4]

Regarding his remaining convictions, upon review of his brief, we observe that Johnson did not make any arguments regarding the sufficiency of the evidence. It is well established that the failure to present argument in

_____

[4] If we were to consider it, we note that, although Davis testified he did not see Johnson punch or kick Officer Haines or see him fall to ground, the trial court explained that it did not find Davis credible. N.T., 3/15/19, at 69-70. Davis was friends with Johnson's brother and knew one of the other ATV riders. Trial Court Opinion, 6/12/20, at 4-5. Additionally, we note that Davis observed the incident from a distance, amidst a chaotic scene.

On the other hand, the trial court found Officer Haines's testimony that Johnson punched him and kicked him credible. Trial Court Opinion, 6/12/20, at 4-5. The picture of Officer Haines' damaged cell phone entered into evidence was consistent with Officer Haines' testimony. As the trier of fact, the court was responsible for making credibility determinations, and thus was free to reject Davis' testimony. **Roberts**, **supra**. Thus, Johnson's weight claim would fail even if he preserved this issue.

a brief constitutes waiver of the claim on appeal. *See, e.g., **Commonwealth v. Sneddon**, 738 A.2d 1026, 1028–1029 (Pa. Super. 1999). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Drew**, 510 A.2d 1244, 1245 (Pa. Super. 1986). We therefore find waiver, and do not consider Johnson's challenge to his remaining convictions.[5]

In sum, based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient for the trial court to find Johnson guilty of aggravated assault of a police officer. All of Johnson's other convictions stand because he waived any challenge on appeal.

Judgment of sentence affirmed.

---

[5] Regarding Johnson's REAP conviction, the trial court, in its 1925 opinion, reconsidered its decision and concluded that there was insufficient evidence to sustain it. Trial Court Opinion, 6/12/20, at 6-7. However, the trial court lacked jurisdiction to modify its decision at the time it issued its opinion, unless certain exceptions applied, and accordingly could not order any relief. **See generally** Pa.R.A.P. 1701(a) and (b). While this Court could consider the trial court's conclusion upon appellate review, here, Johnson waived the issue by not arguing it in his brief. Therefore, Johnson's conviction for REAP stands.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/17/2021*