J-A23014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHEED KILBER | : | |
| | : | |
| Appellant | : | No. 916 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004869-2018.

BEFORE: KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: FEBRUARY 22, 2021**

Shaheed Kilber appeals from the judgment of sentence imposed following his convictions for possession, possession with intent to deliver a controlled substance ("PWID"), and possession of drug paraphernalia.[1] Upon review, we affirm.

The pertinent facts are as follows. On June 5, 2018, the narcotics field unit of the Philadelphia Police Department initiated an investigation at 2023 N. Stillman Street, and set up a controlled buy at the address. The surveillance officer saw Kilber come out of the house, close the door, and lock it with a key. Sometime thereafter, the CI, with his buy money, approached Kilber. The two briefly talked and then went into the house. Shortly

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 Pa.C.S. § § 780-113(a)(16), 780-113(a)(30), and 780-113(a)(32).

thereafter, they came out and the CI left. The CI turned over two pink packets of cocaine to the police.

A little later, the surveillance officer observed Kilber come to the door and check the area. The officer saw another individual, with cash in hand, approach Kilber at the door and talk with him. They went inside briefly. When the individual came out, the officer saw something in his hand, which he put in his pocket. Kilber came out of the house, locked the door with a key, and left.

> The trial court further explained:

> On June 13, the investigation continued, where at the same address the police initiated another controlled buy. This time, [Kilber] was observed speaking to an unidentified male who went into the property. When he came out, this individual accepted money from the informant and exchanged small objects. [Kilber] was speaking to the informant before the other male went into the property and while the other male went into the property. The informant turned over two green tinted packets of crack cocaine. On June 14, the investigation resumed. [Kilber] was observed outside of 2023 N. Stillman Street and was arrested. The police executed a search warrant on that address, recovering $560 in currency, a knotted bag of marijuana, 16 pink tinted packets of crack cocaine inside of a boot, 29 green tinted packets of crack cocaine, 4 Oxycodone pills, new and unused packaging consistent with packaging controlled substances, a loaded .38 special handgun in a couch cushion, a loaded 9 mm handgun on a different side of the couch, a scale on a table, and a key which locked and unlocked the front door of that address, all found in a common area living room.

Trial Court Opinion, 1/29/20, at 2-3.

Prior to trial, Kilber filed a motion to suppress the physical evidence obtained pursuant to the search warrant. At the hearing, Kilber specifically

argued that the search warrant was invalid because it did not indicate the expiration date of the issuing authority's commission. The trial court denied this motion.

After a bench trial, the court found Kilber guilty of possession, PWID, and possession of drug paraphernalia.[2] The court sentenced Kilber to 21 to 60 months of incarceration for his PWID conviction and no further penalty for his others convictions.

On appeal, Kilber raises the following two issues:

1. Whether the [trial] court erred in denying [Kilber's] Motion to Suppress based upon [Kilber's] argument that the four corners of that search and seizure warrant were violative of the 4th Amendment to the United States Constitution where the license or commission of the judicial officer who approved that warrant with affidavit number 210802 had expired or no proof was presented that the aforesaid commission was still valid.

2. Whether the evidence presented by the Commonwealth was sufficient to convict [Kilber] of the crimes that he was found to be guilty of, especially whether the Commonwealth proved beyond a reasonable doubt that [Kilber] actually participated in the drug transactions that were alleged to have taken place on June 5, 2018 and June 13, 2018, or whether [Kilber] even lived at or was present at 2023 N. Stillman Street, Philadelphia, Pennsylvania when that location was searched on or about June 14, 2018.

Kilber's Brief at 4.

In his first issue, Kilber claims that the trial court erred in denying his motion to suppress evidence of the drugs and paraphernalia found at Stillman Street pursuant to the search warrant. Kilber argues that the search warrant

_____

[2] Although Kilber was charged with various firearm offenses, the trial court found him not guilty of those charges.

was invalid because it did not adequately identify the issuing authority who executed it and included only a "vague, non-descript, unsigned reference to [an] official." Kilber's Brief at 13. Additionally, Kilber briefly mentions that the issuing authority's commission had expired. *Id.* Upon review, we conclude that Kilber has waived both of these arguments.

First, we observe, as the Commonwealth argues, that Kilber did not raise before the trial court the argument regarding the identity of the issuing authority. Kilber's written suppression motion was not specific. At the hearing, he specifically argued that the warrant was invalid because it lacked the expiration date of the issuing authority's term, and consequently one could not determine whether the issuing authority was authorized to issue it. This was the Kilber's only argument below; he never argued that he could not determine the identity of the issuing authority. Kilber asserts this argument for the first time on appeal. His failure to raise it with the trial court precludes our review. Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). Additionally, Kilber did not raise this issue in his 1925(b) statement. Instead, Kilber only raised an issue regarding the expiration date of the commission. Issues not included in a 1925(b) are also waived. *See* Pa.R.A.P. 1925(b)(4).

Moreover, Kilber did not develop the expiration date argument in his brief on appeal. Instead, he only argued that the warrant was invalid because the identity of the issuing authority was indeterminable. At the end of the argument, in passing, he mentioned that the warrant was invalid because the

issuing authority's commission had expired.  It is well settled that the failure to present argument in a brief constitutes waiver of the claim on appeal. ***See***, ***e.g.***, ***Commonwealth v. Sneddon***, 738 A.2d 1026, 1028–1029 (Pa. Super. 1999).  "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."  ***Commonwealth v. Drew***, 510 A.2d 1244, 1245 (Pa. Super. 1986).  We therefore conclude that Kilber has waived his first issue.

In his second issue, Kilber challenges the sufficiency of the evidence to sustain his convictions for PWID.  In particular, he claims that the evidence was insufficient to show that he engaged in the drug transactions.  According to Kilber, the evidence merely showed that he was present at the property. ***Id.*** at 9, 16-17.

In reviewing a claim based upon the sufficiency of the evidence, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).  "Because evidentiary sufficiency is a question of law, our standard

of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

To sustain a conviction for PWID, the Commonwealth must prove: 1) the possession of the controlled substance; and 2) the intent to deliver the controlled substance. ***See***, ***e.g.***, ***Commonwealth v. Lee***, 956 A.2d 1024, 1028 (Pa. Super. 2008); ***see also*** 35 P.S. 780-113(a)(30). "In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." ***Commonwealth v. Bricker***, 882 A.2d 1008, 1015 (Pa. Super. 2005).

Possession of a controlled substance can be found by "proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 26 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019) (citation omitted). Where contraband is not found on a defendant's person, "the Commonwealth is required to establish that the defendant had constructive possession of the seized items to support his convictions." ***See Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012). With respect to constructive possession, this Court has noted:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid

application, we have held that constructive possession may be established by the totality of the circumstances.

*Id.* "Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession." *Commonwealth v. Carter*, 450 A.2d 142, 147 (Pa. Super. 1982).

The intent to deliver can be inferred from the surrounding facts and circumstances. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1280 (2004). "Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." *Id.*

Here, the surveillance team observed Kilber at the Stillman Street property on several occasions, where they later found drugs, cash, and drug paraphernalia. Although a defendant's mere presence at the scene, standing alone, is insufficient to prove guilt, the factfinder does not have to ignore a defendant's presence. *Commonwealth v. Vargas*, 108 A.3d 858, 869 (Pa. Super. 2014). Indeed, presence at a scene where drugs are found is a material and probative factor which the factfinder may consider. *See id.* Notwithstanding this, the evidence in this case established more.

On one occasion, the surveillance officer observed a confidential informant go to the Stillman Street property and talk with Kilber. Although

Kilber and the CI went in the house, and the officer could not see them, the CI returned with two pink tinted packets of cocaine, like those found during the search. On that same occasion, the officer saw another individual with cash in hand approach Kilber. After talking, they went inside; the individual came out with an object in his hand which he put in his pocket. Before this transaction, the officer noticed Kilber survey the neighborhood.

On another occasion, Kilber facilitated a purchase between another man, later identified as his brother, and a CI. The CI returned with tinted green packets of cocaine like those found during the search.

The evidence also showed that Kilber secured the property with a key, which was found during the search, when he left. From this evidence, the factfinder could infer that Kilber exercised control over both the premises and its contents, including the drugs and paraphernalia. Control of the premises, like an owner or lessee, is indicative of possession. *See Commonwealth. v. Samuels*, 340 A.2d 880, 886 (Pa. Super. 1975). Additionally, this evidence demonstrated that Kilber sought to protect the property and its contents by locking the door when he left. Such behavior is indicative of possession. *See Commonwealth v. Sweitzer*, 177 A.3d 253, 259 (Pa. Super. 2017).

Thus, viewing the totality of these circumstances, the evidence was sufficient for the trial court to find that Kilber had constructive possession of the drugs. Further, this evidence was sufficient to establish that Kilber possessed the drugs with the intent to deliver. Kilber was observed engaging in transactions in exchange for money. Additionally, he had individually

packaged drugs, drug paraphernalia, cash, and weapons consistent with drug dealing, at the property he controlled.

Based upon our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to sustain Kilber's convictions. His second issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/21