J-S30012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.A.P. | : | |
| | : | |
| Appellant | : | No. 598 MDA 2021 |

Appeal from the Order Entered April 19, 2021
In the Court of Common Pleas of Berks County Domestic Relations at
No(s): 16DR00710

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 12, 2021**

D.A.P. (Father) appeals *pro se* from the trial court's April 19, 2021 order that denied his exceptions filed in response to the support master's report and recommendation, which required him to pay to K.B. (Mother) monthly child support for K.V.P. (born in May of 2011), the parties' child.  For the reasons that follow, we quash Father's appeal.

We begin by pointing out that Father's brief consists of seven pages that include only a statement of the case, a summary of the argument, and a conclusion.  The rest of Father's brief and his reply brief contain copies of the trial court's and the hearing officer's orders and decisions and Mother's memorandum arguing against Father's exceptions.   Rule of Appellate Procedure 2101 states:

_____

[*] Retired Senior Judge assigned to the Superior Court.

Briefs and reproduced records shall conform in all material respects with the requirements of these rules nearly as the circumstances of the particular case will admit, otherwise, they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101 ("Conformance with Requirements"). We further note that Pa.R.A.P. 2111 ("Brief of the Appellant") contains a list of twelve separate sections that are to be included in an appellant's brief. Father here has not included most of the enumerated items. Most notably, Father does not identify the issues he wishes us to review, that is, he has failed to include a statement of issues involved. **See** Pa.R.A.P. 2116 (Statement of Questions Involved).[1] Nor does Father provide citations to any authorities. **See** Pa.R.A.P. 2119(a), (b). In short, we decline to become Father's counsel. **See** **_Commonwealth v. Sneddon_**, 738 A.2d 1026, 1028 (Pa. Super. 1999). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **_Commonwealth v. Sanford_**, 445 A.2d 149,

_____

[1] Rule 2116 provides, in pertinent part:

The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. … _No question will be considered unless it is stated in the statement of questions involved_ or is fairly suggested thereby.

Pa.R.A.P. 2116(a) (emphasis added).

- 2 -

150 (Pa. Super. 1982); *see also Commonwealth v. Fetter*, 770 A.2d 762 (Pa. Super. 2001) (same). Thus, having failed to properly raise and address any issues in his brief, Father has precluded our review of his substantive claims. They have been waived for purposes of appeal.[2] Accordingly, the appeal must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021

---

[2] Father's "*pro se* status does not entitle [him] to any particular advantage because of his … lack of legal training." *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999).